## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| REBECCA L. HOLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:11-cv-131-WCO |
| ) | |
| BOTTOM OF THE CUP, LLC, ) | |
| GARY HALL INDIVIDUALLY ) | |
| and BEN NASH INDIVIDUALLY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** Plaintiff Rebecca L. Holton (hereinafter "Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendant Bottom Of The Cup, LLC (hereinafter "BOTC"), Defendant Gary Hall (hereinafter "Hall") Individually and Defendant Ben Nash (hereinafter "Nash") Individually (hereinafter collectively "Defendants").

## JURISDICTION

1.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's Complaint for unpaid minimum wages pursuant to the FLSA.

- 1 -

## VENUE

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because BOTC resides in the State of Georgia and within the Northern District of Georgia, and, upon information and belief, Hall and Nash reside in the State of Georgia and within the Northern District of Georgia.

3. Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events / omissions giving rise to Plaintiff's Complaint occurred within the Northern District of Georgia and/or a substantial part of the property at issue in Plaintiff's Complaint is situated in the Northern District of Georgia.

## PARTIES

4. Holton is an individual, resident / citizen of the State of Georgia and resides at 7547 Grand Reunion Drive, Hoschton, Georgia 30548.

5. BOTC is a limited liability company organized under the laws of the State of Georgia with its principal place of business located 7435 Spout Springs Road, Suite 101, Flowery Branch, Georgia 30542.

6. BOTC may be served with process via its registered agent – Pat Murphy, 7435 Spout Springs Road, Suite 101, Flowery Branch, Georgia 30542.

7. Hall is an individual and, upon information and belief, a resident / citizen of the State of Georgia and resides within the Northern District of Georgia.

8. Upon information and belief, Hall is a member of BOTC and owner of BOTC's bar located at 7435 Spout Springs Road, Flowery Branch, Georgia 30542 (hereinafter "bar").

9. Hall will be served with process when Plaintiff discovers his address (when BOTC and/or Nash provide Plaintiff with its/their/his Initial Disclosures).

10. Nash is an individual and, upon information and belief, a resident / citizen of the State of Georgia and resides within the Northern District of Georgia.

11. Upon information and belief, Nash is a member of BOTC and owner of BOTC's bar.

12. Nash may be served with process at 2759 Sardis Ridge Court, Buford, Georgia 30519.

**FACTUAL BACKGROUND**

13. At all relevant times, Defendants owned and operated the above-referenced bar.

14. On or about December 28, 2009, Plaintiff was hired by Defendants as a Bartender at Defendants' bar.

15. Throughout Plaintiff's employment with Defendants, Plaintiff worked as a Bartender at Defendants' bar.

16. Throughout Plaintiff's employment with Defendants, Defendants had at least two employees and, upon information and belief, BOTC an annual dollar volume of sales or business done of at least $500,000.

17. Throughout Plaintiff's employment with Defendants, Plaintiff worked on and/or otherwise handled goods that were moving in interstate commerce, including, but not limited to, the processing of credit card transactions, and selling and serving beverages and food items that were manufactured outside of Georgia and transported into Georgia.

18. At no time during Plaintiff's employment with Defendants was Plaintiff required to purchase any bar materials and/or supplies for use in connection with the performance of her job duties / responsibilities as a Bartender for Defendants at Defendants' bar.

19. At no time during Plaintiff's employment with Defendants did Plaintiff use her own bar tools and/or equipment in connection with the performance of her job duties / responsibilities as a Bartender for Defendants at Defendants' bar.

20. Throughout Plaintiff's employment with Defendants, Defendants decided the hours that Plaintiff worked as a Bartender for Defendants at Defendants' bar.

21. At no time during Plaintiff's employment with Defendants did Plaintiff make any insurance and/or bonding investments with Defendants.

22. At no time during Plaintiff's employment with Defendants did Plaintiff make any capital investments with Defendants.

23. At no time during Plaintiff's employment with Defendants did Plaintiff advertise her bartending services independently via the yellow pages.

24. At no time during Plaintiff's employment with Defendants did Plaintiff advertise her bartending services independently via business cards.

25. At no time during Plaintiff's employment with Defendants did Plaintiff have a separate bartending business site.

26. On or about September 20, 2010, Defendants stopped paying Plaintiff any wages for any of the hours Plaintiff worked as a Bartender at Defendants' bar.

27. Defendants did not pay Plaintiff any wages for any of the hours Plaintiff worked as a Bartender at Defendants' bar from on or about September 20,

2010 throughout the remainder of Plaintiff's employment – approximately at least 745.27 hours.

28. Because Defendants did not pay Plaintiff any wages for any of the hours Plaintiff worked as a Bartender at Defendants' bar from on or about September 20, 2010 throughout the remainder of Plaintiff's employment, any FLSA tip credit that would otherwise have been available to Defendants with regard to Plaintiff was inapplicable and unavailable.

29. Prior to September 20, 2010, Innovative Administrative Services, LLC ("IAS") handled Defendants' payroll.

30. Prior to September 20, 2010, Defendants attempted to have IAS process Defendants' payroll without Defendants' compensating Defendants' tipped employees wages of at least $2.13 per hour.

31. Prior to September 20, 2010, IAS informed Defendants that it was illegal for Defendants not to compensate its tipped employees wages of at least $2.13 per hour.

32. Prior to September 20, 2010, IAS refused to process Defendants' payroll until Defendants compensated its tipped employees wages of at least $2.13 per hour.

33. Defendants did not have an objective and/or subjective good faith basis and/or reasonable belief for not paying Plaintiff any wages for any of the hours Plaintiff worked as a Bartender at Defendants' bar from on or about September 20, 2010 throughout the remainder of Plaintiff's employment.

34. Throughout Plaintiff's employment with Defendants, Defendant had a policy that an employee was required to pay for a customer's tab that left Defendants' bar without paying (hereinafter "walk-out").

35. During Plaintiff's employment, there was at least one occasion when Plaintiff had a walk-out and Plaintiff thereafter paid the customer's tab pursuant to Defendants' policy.

36. On or about February 17, 2011, Plaintiff had a walk-out and Plaintiff did not pay the customer's tab.

37. Between on or about February 17, 2011 and February 19, 2011, Hall and Nash had a face-to-face conversation, email communication or telephone call, during which Hall and Nash made the decision to terminate Plaintiff's employment.

38. Hall and Nash made the decision to terminate Plaintiff's employment as a result of Plaintiff not paying for the February 17, 2011 walk-out.

39. On or about February 19, 2011, Plaintiffs employment with Defendants was terminated as a result of Plaintiff not paying for the February 17, 2011 walk-out.

40. During Plaintiff's employment with Defendants, Hall and Nash had meetings with Defendants' bar's managerial / supervisory employees on at least a weekly basis (other when Nash was out of town on other business, which Plaintiff recalls being from approximately the end of 2010 / beginning of 2011 through the remainder of Plaintiff's employment with Defendants, during which time Hall had the meetings with Defendants' bar's managerial / supervisory employees).

41. During Plaintiff's employment with Defendants, Defendants' bar's managerial / supervisory employees were not allowed to pay any of the bar's vendors without Hall's or Nash's approval.

42. During Plaintiff's employment with Defendants, Hall was present at Defendants' bar and managing / supervising Defendants' employees approximately every other shift Plaintiff worked at Defendants' bar.

43. During Plaintiff's employment with Defendants (other when Nash was out of town on other business, which Plaintiff recalls being from approximately the end of 2010 / beginning of 2011 through the remainder of

Plaintiff's employment with Defendants), Nash was present at Defendants' bar and managing / supervising Defendants' employees approximately several times per week during Plaintiff's shifts at Defendants' bar.

44.   At all relevant times, Hall and Nash were members of BOTC and owners of BOTC's bar.

45.   At all relevant times, Hall and Nash had the power / authority to hire and fire employees.

46.   At all relevant times, Hall and Nash supervised and controlled the work schedules and/or conditions of employment of the bar's employees.

47.   At all relevant times, Hall and Nash determined the bar's employees' rates and methods of compensation.

48.   At all relevant times, Hall and Nash maintained the bar's employment records.

**COUNT I / CLAIM I**

**FLSA Minimum Wage Violation**

49.   Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

50. At all relevant times, Hall and Nash acted directly in the interest of BOTC in relation to Plaintiff as defined by the FLSA.

51. At all relevant times, Defendants were Plaintiff's employers as defined by the FLSA.

52. At all relevant times, Plaintiff was an employee of Defendants as defined by the FLSA.

53. At all relevant times, Defendants were subject to the minimum wage provisions of the FLSA.

54. At all relevant times, Plaintiff was not exempt from being entitled to at least wages of $2.13 per hour pursuant to the FLSA.

55. Between approximately September 21, 2010 and February 19, 2011, Defendants repeatedly and willfully failed and refused to pay Plaintiff wages of at least $2.13 per hour for each hour Plaintiff worked in violation of the FLSA.

56. Because Defendants did not pay Plaintiff any wages for any of the hours Plaintiff worked as a Bartender at Defendants' bar from on or about September 20, 2010 throughout the remainder of Plaintiff's employment, any FLSA tip credit that would otherwise have been available to Defendants with regard to Plaintiff was inapplicable and unavailable.

57. Hall and Nash may be held individually / personally liable along with BOTC for violating the FLSA.

58. As a result of Defendants' FLSA violation, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) That judgment be entered in her favor and against Defendants;

(b) That she be awarded all of her unpaid minimum wages at $7.25 per hour pursuant to the FLSA;

(c) That she be awarded liquidated damages in an amount equal to all of her unpaid minimum wages at $7.25 per hour pursuant to the FLSA;

(d) That she be awarded all of her attorney's fees, costs and litigation expenses pursuant to the FLSA;

(e) That she be awarded any and all other and further relief as the Court deems just, proper and/or appropriate.

Respectfully submitted this the 26th day of May, 2011.

        /s/ Preston B. Davis
        Preston B. Davis
        Georgia Bar No. 141999
        preston@pbdavislaw.com
        Counsel for Plaintiff

LAW OFFICE OF PRESTON B. DAVIS, LLC
4488 S. Springwood Dr. SW
Smyrna, GA  30082
Telephone: (678) 372-2477
Facsimile: (678) 945-5080

Counsel for Plaintiff

## **CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1, N.D. Ga., the undersigned counsel certifies that this document was prepared with Times New Roman (14 point), one of the font and point selections approved by the Court in Local Rule 5.1B, N.D. Ga.

Respectfully submitted this the 26th day of May, 2011.

/s/Preston B. Davis
Preston B. Davis
Georgia Bar No. 141999
preston@pbdavislaw.com
Counsel for Plaintiff

LAW OFFICE OF PRESTON B. DAVIS, LLC
4488 S. Springwood Dr. SW
Smyrna, GA  30082
Telephone: (678) 372-2477
Facsimile: (678) 945-5080

Counsel for Plaintiff